UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MIGUEL ANTONATOS,<br><br>Plaintiff,<br><br>v.<br><br>KYLE S. KARINEN, in his official capacity as executive director of the Washington Medical Commission, et al.,<br><br>Defendants. | Case No. 3:26-cv-05122-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

In 2023, Dr. Miguel Antonatos entered an agreed order with the Washington Medical Commission to resolve disciplinary charges arising from his telemedicine practice during the COVID-19 pandemic. Dr. Antonatos, representing himself, brought this action against the executive director and several members of the Commission, arguing that the process leading to the agreed order violated his constitutional rights. Dr. Antonatos asks this Court to issue an injunction "to prevent Defendants from continuing to maintain, enforce, or give present effect to the challenged disciplinary order through ongoing official conduct, including the Commission's continued maintenance and reporting of the order." Dkt. 1 ¶ 154. Defendants Kyle Karinen,

Terry Murphy, Ed Lopez, Elisha Mvundura, and April Jaeger (collectively "Defendants") have now moved to dismiss the case. Dkt. 32. Because Dr. Antonatos challenges the ongoing collateral consequences of the state disciplinary proceeding, Ninth Circuit precedent requires this Court to abstain from deciding his claims under the *Younger* abstention doctrine. *See Stockton v. Brown*, 152 F.4th 1124, 1137–38 (9th Cir. 2025); *Almodovar v. Reiner*, 832 F.2d 1138, 1141–42 (9th Cir. 1987). The motion to dismiss (Dkt. 32) is therefore GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

## II. BACKGROUND[1]

Dr. Antonatos is a Washington state-licensed physician. Dkt. 1 ¶ 24. Defendants are members of the Commission, a "regulatory body responsible for licensing and disciplining physicians" in the State of Washington. *Id.* ¶¶ 25–29, 32.

In 2021, the Commission began a disciplinary investigation of Dr. Antonatos based on a complaint made by "Regence BlueShield of Idaho following an internal claims-related review process." *Id.* ¶ 39. On February 6, 2023, the Commission began formal disciplinary proceedings by issuing a Statement of Charges ("SOC") signed by the Commission's Executive Director Melanie de León. *Id.* ¶ 42. The SOC alleged that Dr. Antonatos had prescribed "ivermectin to four patients without in-person examinations during the COVID-19 pandemic." *Id.* ¶ 6. On August 24, 2023, Dr. Antonatos resolved the disciplinary action by entering into an agreed order. *Id.* ¶ 70.

After entering into the agreed order, Dr. Antonatos learned that Executive Director de León held several additional professional roles while the investigation and formal proceedings

[1] The Court accepts all the allegations within the complaint as true and draws all reasonable inferences in favor of the nonmoving party when evaluating a Rule 12(b)(6) motion. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

occurred. *Id.* ¶ 83. One role was member of the Board of Directors for the Federation of State Medical Boards ("FSMB"), which provides "policy standards, guidance, and disciplinary frameworks for adoption and use by state medical boards." *Id.* ¶ 47. Another role was member of the FSMB's Board Action & Content Evaluation ("BACE") Workgroup, whose scope "overlap[ped]" with the subject of Dr. Antonatos' SOC, "including the characterization and classification of COVID-19-related prescribing and physician conduct." *Id.* ¶ 49. Executive Director de León also participated in the Commission's "COVID-19 misinformation" strategy meeting around September 2021. Lastly, Executive Director de León supervised the staff that investigated Dr. Antonatos. *Id.* ¶ 51.

Once Dr. Antonatos "discovered evidence revealing undisclosed structural conflicts, overlapping roles, and external private-policy influence that governed the investigation and prosecution of his disciplinary matter," he sought to vacate the agreed order in state court. *Id.* ¶ 83. Defendants moved to dismiss the state case, arguing that dismissal was required for "lack of jurisdiction due to Dr. Antonatos' failure to file his petition within thirty days after service of the Agreed Order, as required by Wash. Rev. Code 34.05.542(2)." Dkt. 32 at 6; Dkt. 1 ¶ 86. The state court ultimately granted Defendants' motion to dismiss due to lack of jurisdiction under Washington's Administrative Procedure Act. Dkt. 24-1 at 4–5.

Dr. Antonatos filed the instant case on February 11, 2026. Dkt. 1. In his complaint, Dr. Antonatos alleges that Defendants violated his right to procedural due process because the agreed order was "produced through a process tainted by undisclosed conflicts of interest, an impermissible concentration of investigative and prosecutorial functions," and "external private-policy influence." *Id.* ¶ 1. Dr. Antonatos also claims that through their motion to dismiss the state case, Defendants denied him "any meaningful and available state forum to adjudicate these federal constitutional defects." *Id.* The primary relief that Dr. Antonatos seeks is an injunction

preventing the ongoing enforcement of the agreed disciplinary order, the collateral consequences of which affect his licensure in Washington and other states. *See id.* ¶¶ 151–159. Defendants have now moved to dismiss this case. Dkt. 32.

## III. DISCUSSION

Defendants make three arguments in support of their motion to dismiss.[2] First, dismissal is required under the *Younger* doctrine. Dkt. 32 at 10–14 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Second, the Eleventh Amendment bars Dr. Antonatos' claims. Dkt. 32 at 14–15. Third, the allegations fail to state a claim. Dkt. 32 at 15–18. Because the Court concludes that *Younger* abstention is required, it addresses only the first argument.

### A. *Younger* abstention is required because Dr. Antonatos challenges the ongoing collateral consequences of the state disciplinary order.

Defendants first argue that the Court must abstain from hearing Dr. Antonatos' claims because the *Younger* abstention doctrine "requires federal courts to abstain from hearing federal claims for relief from various state proceedings, including civil enforcement proceedings." Dkt. 32 at 10. In response, Dr. Antonatos argues that *Younger* does not apply because there is no "ongoing state proceeding." Dkt. 43 at 4.

The *Younger* abstention doctrine is rooted in a policy that seeks to avoid federal court interference in pending state court proceedings. *Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025). Although *Younger* arose from a challenge to a state criminal prosecution, the doctrine also applies "to prevent federal court injunctions of certain ongoing state civil proceedings." *Id.* In that context, a federal court will abstain only when the state court proceedings:

[2] Defendants initially argued that dismissal of defendant Karinen was also required for improper service. Dkt. 32 at 18–19. This argument was abandoned after Karinen was properly served. Dkt. 46 at 11–12 (citing Dkt. 41).

> (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.

*Id.* (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). If the relevant proceeding meets these basic requirements, the federal court must then consider "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.* at 951 (quoting *ReadyLink*, 754 F.3d at 759).

In *Stockton v. Brown*, the Ninth Circuit held that ongoing disciplinary proceedings before the Commission meet the threshold requirements for *Younger* abstention. 152 F.4th 1124, 1137–38 (9th Cir. 2025). But here, the parties dispute whether the ongoing consequences of Dr. Antonatos' agreed order mean there is an ongoing proceeding. Dkt. 43 at 3; Dkt. 46 at 3. Defendants argue that the disciplinary action against Dr. Antonatos is still "ongoing" because the agreed order "imposed requirements on [him] that are currently in place." Dkt. 32 at 10.

Dr. Antonatos responds that this case is more analogous to *Canatella v. State of California*, 304 F.3d 843 (9th Cir. 2002). Dkt. 43 at 5. In *Canatella*, the Ninth Circuit held that there were no "ongoing" proceedings when formal disciplinary proceedings before the State Bar had yet to start. *Id.* at 850–851. Here, Dr. Antonatos argues that there was no longer an "ongoing" proceeding for purposes of *Younger* once formal proceedings ended on August 23, 2023 through entry of the agreed order.

Dr. Antonatos' argument would be persuasive if he were seeking only to enjoin a potential future enforcement action. In *Almodovar v. Reiner*, 832 F.2d 1138, 1141 (9th Cir. 1987), the plaintiffs brought a First Amendment challenge to prostitution statutes that impacted their ability to make sexually explicit films. *Id.* at 1139. Among other things, the defendants in *Almodovar* argued that *Younger* abstention applied "because Almodovar is currently on

probation for violating the prostitution statute, the terms of which preclude her from violating the statute again," such that "any injunction of future prosecutions would interfere with a current criminal proceeding." *Id.* at 1141. The Ninth Circuit rejected this argument, holding that "[p]robation is not a pending criminal action for *Younger* purposes" and "federal post-trial intervention is not precluded by *Younger*, unless the intervention is designed to annul the results of a state trial by expunging an individual's record or by removing other collateral effects of his conviction." *Id.* at 1142 (citing *Wooley v. Maynard*, 430 U.S. 705 (1977) and *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)). It is the "unless" in *Almodovar*, however, that requires abstention here. As a practical matter, Dr. Antonatos does seek to remove the collateral effects of his disciplinary proceeding and "have a standing [state disciplinary] order overturned." *Almodovar*, 832 F.2d at 1142. Because this would interfere with and have the practical effect of enjoining an ongoing state proceeding, *Younger* abstention is required unless Dr. Antonatos can show than an exception applies.

Dr. Antonatos argues that his allegations of "structural bias" at the Commission satisfy a *Younger* exception. Dkt. 43 at 8–9. In *Hirsh v. Justices of the Supreme Court of California*, the Ninth Circuit recognized that *Younger* abstention "is inappropriate in the 'extraordinary circumstance' that the state tribunal is incompetent by reason of bias." 67 F.3d 708, 713 (9th Cir. 1995). But "one who alleges bias 'must overcome a presumption of honesty and integrity in those serving as adjudicators.'" *Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Dr. Antonatos has not overcome that presumption here because "the Supreme Court has rejected the contention" that a combination of "investigative and adjudicative functions . . . necessarily creates an unacceptable risk of bias." *Hirsh*, 67 F.3d at 714 (citing *Withrow*, 421 U.S. at 47). Nor has Dr. Antonatos cited any relevant authority for the proposition that participation by the Commission's director in outside

professional organizations creates the "extraordinary circumstance" of bias that would allow an exception to *Younger*. *See id.* at 713.

**IV. CONCLUSION**

Because Dr. Antonatos seeks to enjoin the collateral consequences of an ongoing state disciplinary order, and no exception to the *Younger* doctrine applies, this Court is required to abstain from hearing his claims. Defendants' motion to dismiss (Dkt. 32) is therefore GRANTED, and this case is DISMISSED WITHOUT PREJUDICE. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (dismissal based on *Younger* abstention permitted in cases seeking only equitable relief); *Stockton*, 152 F.4th at 1150 (affirming dismissal based on *Younger* abstention).

Dated this 26th day of August, 2026.

Tiffany M. Cartwright
United States District Judge